HEATHER E. WILLIAMS, Bar #122664
Federal Defender
HANNAH R. LABAREE, Bar # 294338
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:11-cr-354 LJO |
| Plaintiff, | **STIPULATED REQUEST TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO REDUCE SENTENCE;** Order |
| v. | |
| FELIPE GUTIERREZ, | |
| Defendant. | Judge:  Honorable LAWRENCE J. O'NEILL |

On May 5, 2015, Defendant, FELIPE GUTIERREZ, filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  On June 22, 2015, defense counsel and the government stipulated to a briefing schedule, which was later extended by stipulated motion.  CR 599, 605.  Defense memorandum in support of Mr. Gutierrez' motion to reduce is currently due August 7, 2015.

Mr. Gutierrez faces a bar to his eligibility for relief under section 3582(c)(2) based on the nature and content of his plea agreement, which was offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C).  Under current Ninth Circuit law, a (c)(1)(C) binding plea agreement must either specify a particular Guideline range within which the defendant is to be sentenced or explicitly state a particular Guideline range on which the defendant's specific sentence is based, in order for the defendant to be eligible for a reduction under 18 U.S.C. § 3582(c)(2).  *See U.S. v. Austin*, 676 F.3d 924 (9th Cir. 2012).  This formulation derives from Justice Sotomayor's concurring opinion in *Freeman v. U.S.,* 131 S. Ct. 2685 (2011) (a fractured

4-1-4 opinion), which *Austin* held to be the controlling opinion pursuant to *Marks v. United States,* 430 U.S. 188 (1977) ("Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion [that a (c)(1)(C) agreement did not bar eligibility for a sentence reduction] on the 'narrowest grounds.'" *Austin,* 676 F. 3d at 927-28).  Defense does not dispute that Ninth Circuit law under *Austin* likely precludes a reduction in Mr. Gutierrez' case, based on the fact that his binding plea agreement does not contain reference to a particular guideline range as the basis for sentence.

However, the Ninth Circuit has granted *en banc* review of the recent case *U.S. v. Davis*, 776 F.3d 1088 (9th Cir. 2015) to consider whether *Austin* was correctly decided. Case No. 12-30133, Dkt 38.  If this Circuit ultimately rejects *Austin*'s finding that Justice Sotomayor's opinion controls on the very issue barring Mr. Gutierrez from the requested relief, it may fashion a new and different rule that would be applicable to Mr. Gutierrez' case.  In other words, the parties respectfully submit that this Court should await the resolution of the *en banc* review in *Davis* to ascertain the law to be applied to Mr. Gutierrez' motion for a sentence reduction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

To allow time for a decision from the Ninth Circuit's *en banc* panel, the parties stipulate and respectfully request that this Court continue Mr. Gutierrez' motion for sentence reduction until **December 7, 2015,** at which time the parties will submit a status memo to the Court.

Dated:  August 5, 2015                                    Dated:   August 7, 2015

BENJAMIN B. WAGNER                               HEATHER E. WILLIAMS
United States Attorney                                   Federal Defender


 */s/ Kathleen A. Servatius*                              */s/ Hannah R. Labaree*
KATHLEEN A. SERVATIUS                          HANNAH R. LABAREE
Assistant U.S. Attorney                                 Assistant Federal Defender

Attorney for Plaintiff                                    Attorney for Movant
UNITED STATES OF AMERICA                    FELIPE GUTIERREZ

### ORDER

Pursuant to the parties' stipulation, and good cause appearing therefor, the briefing schedule for Mr. Gutierrez' motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is **VACATED**, and a status memo from both parties will be due **December 7, 2015.**

**IT IS SO ORDERED**
**Dated: August 11, 2015**

**/s/ Lawrence J. O'Neill**
**United States District Judge**

3