# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE GUTIERREZ,<br><br>Defendant. | CASE NO. 1:11-CR-00354-026-LJO<br><br>ORDER DENYING DEFENDANT'S REQUEST TO MODIFY PRESENTENCE REPORT<br><br>(Doc. 634) |

Defendant Felipe Gutierrez has requested that the Court modify his Presentence Report ("PSR") regarding the dates of his drug and alcohol addiction. Doc. 634. Specifically, Defendant notes that the PSR currently states that he used drugs from 2007 to 2009, and requests that the Court modify his PSR to reflect his usage of alcohol and marijuana from 2007 to 2011. *Id.*

Defendant filed the instant request because he seeks admission into an outpatient correctional program and assistance for drug and alcohol abuse. Doc. 634. The Court has already issued a recommendation for Defendant's admission into the residential drug abuse program ("RDAP"). Doc. 562. The Court's recommendation, however, cannot guarantee Defendant's entry into RDAP. The authority to manage all federal correctional institutions belongs to the Bureau of Prisons ("BOP"), which is required by statute to "make available appropriate substance abuse

treatment for each prisoner [the BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. §§ 3621(b), 4042(a)(1). The BOP also has the discretion to determine which prisoners are eligible for RDAP. *Id.* § 3521(e)(2)(B); *see also Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) ("Regarding substance-abuse treatment programs, the [BOP]'s discretion begins with deciding whether an inmate ever enters such a program."). Substantive decisions by the BOP to admit a prisoner into RDAP or remove a prisoner from RDAP are not reviewable by the district court. *Reeb*, 636 F.3d at 1226.

Under Federal Rule of Criminal Procedure Rule 32(f), the parties must state in writing any objections, including objections to material information, within fourteen days after receiving the PSR. "The rule allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later." *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988). Thus, a district court can only entertain a motion to correct a PSR if that motion was filed before the imposition of a defendant's sentence. As Defendant's request was filed on February 1, 2016, over two years after he was sentenced on October 15, 2013, *see* Doc. 384, the Court lacks authority to modify Defendant's PSR at this time. *Freeny*, 841 F.2d at 1002.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Felipe Gutierrez's request to modify his Presentence Report (Doc. 634) is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** and **CLOSE THE CASE**.
IT IS SO ORDERED.

Dated:   **March 30, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE