# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE GUTIERREZ,<br><br>Defendant. | Case No. 1:11-CR-00354-(26)-LJO<br><br>ORDER VACATING PRIOR ORDER TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO REDUCE SENTENCE AND REFERRING CASE TO FEDERAL DEFENDER'S OFFICE<br><br>(ECF Nos. 583, 611) |

On May 5, 2015, Defendant Felipe Gutierrez ("Mr. Gutierrez") filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 583). On June 22, 2015, the parties stipulated to a briefing schedule, later extended by a stipulated motion. *See* ECF Nos. 599, 605, 606.

The Ninth Circuit granted *en banc* review of *United States v. Davis*, 795 F.3d 1188 (9th Cir. 2015) *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015), the resolution of which impacts the instant motion. Pursuant to the parties' stipulated request (ECF No. 608), on August 11, 2015, this Court rendered an Order holding in abeyance petitioner's § 3582 motion pending the resolution of *Davis*. *See* ECF No. 611.

Yesterday, the Ninth Circuit rendered its decision in *United States v. Davis*, --- F.3d ---, Case No. 12-30133 (June 13, 2016), holding that a defendant sentenced under an 11(c)(1)(C) agreement is eligible for relief under § 3582(c)(2) "because the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'" *Id.* at 28 (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011) (plurality opinion). The Ninth Circuit emphasized that "Davis's Rule 11(c)(1)(C) plea agreement was clearly rooted in the Guidelines." *Id.* By explicitly overruling *United States v. Austin,* 676 F.3d 924 (9th Cir.2012), upon which the Government's opposition to the instant motion relies (*see* ECF No. 635), the circuit court fashions a new and different rule applicable to this case. *See Davis*, --- F.3d ---, Case No. 12-30133 at 17 ("we overrule

our holding in *Austin*," and "adopt the analysis of the D.C. Circuit") (citing *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (finding no common denominator in *Freeman*)).

Under *Davis*, Mr. Gutierrez apparently no longer faces a bar to his eligibility for relief under § 3582(c)(2) based on the nature and content of his plea agreement, which was, like the plea agreement in *Davis*, offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C) and "based on the Guidelines." *Davis*, --- F.3d ---, Case No. 12-30133 at 28 (quoting *Freeman*, 564 U.S. at 534). This is not dispositive, however. The parties have yet to address how the *Davis* holding, among other factors, specifically affects Gutierrez's request for reduction. Given the changed circumstances, the Court finds appropriate a fresh referral and scheduling order in order to give the parties an opportunity to respond.

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the Court's Order (ECF No. 611) holding the case in abeyance is **VACATED**. Pursuant to Eastern District of California General Order 546, the FDO is hereby appointed to represent Defendant in this matter. The FDO **SHALL** have **90 days from the Ninth Circuit's mandate in *Davis***[1] to file a supplement to Defendant's pro se § 3582 Motion (ECF No. 583), or to notify the Court that it does not intend to supplement to the motion. Thereafter, the government **SHALL** have **30 days from the date of the FDO's filing** to file a supplemental response to Defendant's § 3582 Motion.

IT IS SO ORDERED.

Dated:   **June 14, 2016**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Entry of judgment on *Davis* was made June 13, 2016, a mandate will issue on or before June 20, 2016 (*see* Fed. R. App. Proc. 41), and thereafter the parties have 90 days in which to petition for a writ of certiorari. *See* U.S. Sup. Ct. R. 13, 28 U.S.C. If *Davis* is timely appealed, this Court will again hold the instant motion in abeyance.