# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FELIPE GUTIERREZ,<br><br>　　　　　　　　Defendant. | CASE NO. 1:11-CR-00354 LJO<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2); DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR MAXIMUM TIME IN HALFWAY HOUSE<br><br>(ECF Nos. 583, 680, 681) |

Before the Court are two motions by Defendant Felipe Gutierrez ("Defendant" or "Gutierrez"). Defendant first moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782[1] to the USSG. ECF Nos. 583 & 680. Defendant also moves the Court to recommend to the Bureau of Prisons ("BOP") that the BOP allow him to spend the last 12 months of his sentence at a halfway house ("judicial recommendation motion"). ECF No. 681. The Government opposes both motions. *See* ECF Nos. 687, 702. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court GRANTS Defendant's § 3582 motion and reduces his sentence to 93 months, and DENIES Defendant's judicial recommendation motion.

## I.    BACKGROUND

On July 22, 2013, the parties filed a plea agreement with the Court in which Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine and two counts of possessing methamphetamine with intent to distribute. ECF No. 223.

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

The agreement was pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1) and provided that both parties would recommend a sentence of 97 months. *Id.*

According to the PSR, Defendant's base offense level was 32 (based on the amount of methamphetamine involved the case), and his criminal history category of III (based on 6 criminal history points). PSR (ECF No. 367) ¶¶ 18, 46. Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a 3-level base offense reduction for accepting of responsibility, to an adjusted offense level of 29. *Id.* ¶¶ 25-26. The PSR, which cited the 2012 Guidelines manual, found that the Guidelines range for a defendant with an offense level of 29 and a criminal history category III was 108 to 135 months imprisonment, and the PSR recommended a 108-month sentence. *Id* at 30. On October 15, 2013, the Court accepted the parties' plea agreement pursuant to Rule 11(c)(1) and sentenced the defendant to a term of 97 months in prison, a 48-month term of supervised release, and a $100 penalty assessment, after "considering the 3553(a) factors that have been argued and agreed upon." ECF No. 560 at 8-9.

On May 5, 2015, Defendant filed a *pro se* motion for a reduction in sentence pursuant to § 3582, requesting that the Court reduce his sentence by two points in accordance with Amendment 782. ECF No. 583. Under the prevailing law in the Ninth Circuit at the time Defendant filed his motion, a defendant sentenced under plea agreement was eligible for a sentencing reduction under § 3582 only when the agreement *expressly used* a Guidelines sentencing range to establish the term of imprisonment or when it was evident from the agreement itself that a Guidelines sentencing range was used. *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012), *overruled by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016).

On August 11, 2015, the Court granted the parties' stipulated request to hold Defendant's motion in abeyance pending the outcome of the Ninth Circuit's *en banc* review in *United States v. Davis*, which again raised the issue of when a defendant sentenced pursuant to a plea agreement is eligible for relief under § 3582. ECF No. 611. On June 13, 2016, the Ninth Circuit issued a ruling in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016). *Davis* explicitly overruled the Ninth Circuit's previous ruling in *United States v. Austin* and held that "[e]ven when a defendant enters into an 11(c)(1) agreement, the judge's decision to accept the plea and impose the recommended sentences

2

is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." 825 F.3d at 1026 (citing *Freeman v. United States*, 564 U.S. 522, 534 (2011)).

In light of this change in the law, the Court vacated its order holding Defendant's motion in abeyance and again referred the case to the FDO. ECF No. 650. On August 24, 2016, the FDO filed a Supplement to Defendant's *pro se* § 3582 motion (ECF No. 680), and Defendant, through the FDO, filed his judicial recommendation motion (ECF No. 681). The Government filed oppositions to Defendant's judicial recommendation motion (ECF No. 687) on September 8, 2016, and to Defendant's § 3582 motion on October 5, 2016 (ECF No. 687). Defendant filed a reply regarding his § 3582 motion on October 18, 2016. ECF No. 709.

## II.     SECTION 3582 MOTION

### a. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of

3

the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### b. Discussion

The initial inquiry is whether Defendant is eligible for a sentence reduction. Here, both parties agree that he is eligible. ECF Nos. 680, 702. Amendment 782 to the Sentencing Guidelines revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to Defendant's drug trafficking conviction. Under Amendment 788, Amendment 782 applies retroactively to Defendant's sentence. Although Defendant was sentenced pursuant to a Rule 11(c)(1) agreement, the Court explicitly considered the Sentencing Guidelines in sentencing him. ECF No. 560 at 3. Therefore, pursuant to the Ninth Circuit's decision in *Davis*, Defendant is eligible for a reduction under § 3582(c)(2). 825 F.3d at 1026. Defendant is now eligible to have his offense level re-calculated from 29 to 27. With an offense level of 27, and a criminal history category of III, the Guidelines range applicable to Defendant is now 87 to 108 months.

Turning now to the second step of the inquiry, the Court considers, in its discretion, whether a reduction under § 3582 is appropriate given the facts of this case. Defendant requests that the Court reduce his sentence to 87 months, the low-end of the new Guidelines range. ECF No. 680 at 2.

Defendant argues that an 87-month sentence is appropriate in light of his positive post-sentencing conduct. *Id.* at 7. Specifically, he notes (and provides documentation to support) that he has not had any disciplinary actions during his five years in custody, that he has spent considerable time participating in programming offered by the Bureau of Prisons, including obtaining his GED, completing a course in commercial truck driving, working in the Commissary, and participating in a drug education class. *Id.* Defendant also asks the Court to consider his desire to provide care to his mother, who suffers from end-stage renal disease. *Id.*

The Government argues that the Court should not grant Defendant a sentence reduction because he was previously held a leadership role in a violent gang, the Norteños, and because of his continued association with the Norteños since he has been in custody. ECF No. 702 at 7. Furthermore, the Government notes that Defendant pleaded to a drug quantity less than what was actually involved in his offense, and that the Court previously gave Defendant a below-Guidelines sentence in "consideration [of] the parties' plea agreement and the belief that such a sentence was adequate to punish the defendant in light of his acceptance of responsibility and the hope that he would discontinue his criminal lifestyle." ECF No. 702 at 14. Therefore, the Government argues, Defendant should not be released earlier than the time specified in his plea agreement in the interest of public safety. *Id.* at 14-15. In support of its argument, the Government has provided (1) official documentation from the Bureau of Prisons stating that Defendant "is validated as a Nortenos member," and that Defendant "may be associated with the Security Threat Group (STG) La Nuestra Familia (NF)"; and (2) a copy of Defendant's phone records, which indicate that he has recently been in communication with known gang members. *Id.*, Exs. B, C.

In his reply, Defendant provides two counter-arguments. Regarding the Government's argument that Defendant would not be eligible for a sentence reduction absent certain concessions from the Government during plea negotiations, Defendant counters that "[t]he only conclusion this Court should draw from the plea agreement is that its terms represent the best resolution of the case from the Government's perspective." ECF No. 709 at 2. As for the Government's allegations that he his gang involvement has continued while he has been in custody, Defendant argues that the Government's evidence of this involvement is not conclusive. *Id.* at 3. In the alternative, Defendant

5

submits that even if the Court finds the Government's allegations credible, the Court took Defendant's gang involvement into consideration when it imposed the original sentence in his case, and that the Government's evidence does not outweigh the § 3553(a) factors that would support a reduction in his sentence. *Id.*

Having reviewed and considered Defendant's crime, the original PSR, the § 3553(a) factors, public safety considerations, and Defendant's post-sentencing conduct, the Court reduces Defendant's sentence from 97 months to 93 months. In doing so, the Court takes into account the positive steps Defendant has taken and his clean disciplinary record since he has been in custody. Defendant's completion of several BOP courses and good behavior while in custody are commendable and indicate to the Court that he is working toward rehabilitation. Furthermore, the Court is mindful of the policy goals underlying Amendment 782, which favors a two-point reduction in the base offense level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The purposes of the amendment are to reflect the Commission's determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of the federal prisons"); s*ee also United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29, 2015) (noting that barring disqualifying facts, a qualifying defendant's sentence is to be adjusted in accordance with the Guidelines amendment). The Court additionally notes that were Defendant sentenced for this crime in the first instance today, his sentence would likely reflect the amended Guidelines range. Therefore, the Court believes that a reduction is warranted.[2]

However, due to Defendant's continued gang affiliation, the Court does not believe that Defendant is deserving of the full potential benefit of the change in the law. Defendant initially received a below-Guidelines sentence, which reflected the plea agreement as well as the Court's review of the § 3553(a) factors, including the fact that the underlying offense in this case was

---

[2] On the issue of whether the underlying plea negotiations have any effect on Defendant's § 3582 motion, the Court agrees with Defendant. One of the Sentencing Commission's Policy Statements, found at U.S.S.G. § 1B1.10(a)(3), clarifies that the "appropriate use" of § 3582(c)(2) proceedings is confined to determining whether to modify a sentence in light of a Guidelines amendment, and that factors unrelated to the Guidelines amendments are therefore inapposite. *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011). Because the Court finds that any benefits that Defendant may have been afforded by his plea negotiations are outside the scope of Amendment 782's effect on Defendant's Guidelines range, they are likewise beyond the Court's determination of Defendant's § 3582(c)(2) motion. *See Dillon*, 560 U.S. at 831.

Defendant's first crime in over eleven years, and the sentences of Defendant's co-defendants. ECF No. 560 at 3-7. However, the commentary accompanying USSG § 1B1.10 urges courts to consider defendants' post-sentencing conduct. Defendant does not contest the Government's assertion that Defendant continues to associate with gang members, but rather, challenges the validity and weight of the Government's evidence. ECF No. 709 at 2-3. On this issue, the Court notes that the Government has provided documentation from the BOP attesting that Defendant continues to communicate with gang members and that he has maintained his involvement with the gang in spite of telling the Court that he was "done" with gang activity when the Court originally sentenced him. ECF No. 702 at 8-9, 14. Just as the Court cannot ignore the policy considerations underlying the change in the law, nor can the Court cannot ignore the information provided by the Government regarding Defendant's continued ties with gang members. *See Pepper v. United States*, 562 U.S. 476, 490-91 (2011) (quoting 18 U.S.C. § 3661) ("Congress could not have been clearer in directing that '[n]o limitation … be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence"). To this Court, the evidence submitted by the Government provides a sufficient reason not to grant Defendant the full 10-month reduction for which he is eligible, because this evidence is relevant to the likelihood that Defendant might engage in future criminal conduct upon his release. *See United States v. Lightfoot*, 626 F.3d 1092, 1095-96 (9th Cir. 2010) (court did not abuse its discretion in denying defendant's § 3582(c)(2) motion where his behavior in custody indicated that he was still a danger to the community); *United States v. Barragan*, 333 F. App'x 319 (9th Cir. 2009) (court did not abuse its discretion in denying defendants § 3582(c)(2) motion after considering the factors under § 3553(a)). Considering the totality of the evidence presented by both sides, the Court finds it appropriate to re-sentence Defendant to a term between the 97-month sentence that he is currently serving, and the 87-month sentence that reflects the low end of the new Guidelines range. *United States v. Torres-Montalvo*, No. 2:95-CR-00070-JLL, 2015 WL 4570512, at *3-5 (D.N.J. July 27, 2015), *aff'd*, 644 F. App'x 195 (3d Cir. 2016) (courts have discretion to grant less of a reduction than the Guidelines permit). The Court therefore GRANTS Defendant's § 3582 motion and reduces his sentence to an imprisonment term of 93 months.

## III. JUDICIAL RECOMMENDATION MOTION

### a. Legal Standard

"Two statutory provisions govern the BOP's authority to place inmates in its custody in [residential re-entry centers ('RRCs')]: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*See id*. Although the sentencing court can make a recommendation that a prisoner "serve a term of imprisonment in a community corrections facility," such a recommendation "shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *See* 18 U.S.C. § 3621(b).

### b. Discussion

Defendant has requested that this Court recommend to the BOP that he be allowed to spend the maximum amount of time (12 months) in a RRC, stating that his "successful reentry would be greatly facilitated by the full year in a halfway house." ECF No. 681 at 3. He cites the applicable statutes and recommendations regarding the BOP's authority over these types of requests, but does not provide anything else to support his motion.

The Government opposes Defendant's motion on the grounds that Defendant has not factually justified the need for a 12-month placement (as opposed to the typical 6-month placement) at a RRC, noting that the BOP communications indicate that Defendant has "adjusted to institutional life" and that the PSR indicates that he has strong family ties. ECF No. 687 at 3, 5. Additionally, the Government reiterates its concerns over Defendant's criminal history and continued communications with gang members as factors the Court should consider in deciding Defendant's judicial recommendation motion. *Id*. at 4-5.

8

On this issue, the Court agrees with the Government. The evidence before the Court, discussed *supra*, demonstrates that Defendant has maintained a clean disciplinary record and completed numerous BOP courses while in custody, and has support from his family. This evidence does not persuade the Court that it should grant Defendant's judicial recommendation motion, given the Government's argument that such evidence indicates that Defendant does not require more than 6 months in a RRC for a successful transition, and the fact that Defendant does not dispute this argument or provide any further evidence as to why 12 months at a RRC would be appropriate in his case. Accordingly, the Court DENIES Defendant's judicial recommendation motion.[3]

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Felipe Gutierrez's motion (ECF Nos. 583 & 680) to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant is hereby re-sentenced to a term of 93 months imprisonment, a 48-month term of supervised release, and a $100 penalty assessment.

**IT IS FURTHER ORDERED** that Defendant's judicial recommendation motion (ECF No. 681) is **DENIED**.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of Defendant's sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** close this case.
IT IS SO ORDERED.

Dated:   **December 21, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE

---

[3] The Court's denial of Defendant's request at this time is not be construed as suggesting that the BOP should not allow Defendant additional time in a RRC as it conducts its individualized assessment of his case pursuant to 18 U.S.C. § 3621(b). Nor should it be construed as indicating that the Court would object to such a placement if the BOP determines that it is appropriate for Defendant in the exercise of its authority and discretion.